IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,375-01






EX PARTE CHARLES FRANKIE NIETO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4-95-95-A-A IN THE 114TH JUDICIAL DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. Nieto v.
State, No. 12-95-00204-CR (Tex. App. - Tyler, May 29, 1997)

 Applicant contends, inter alia, that both his trial and his appellate counsel rendered
ineffective assistance. Applicant alleges that trial counsel failed to transmit a plea offer to Applicant
prior to trial. Specifically, he alleges that he was unaware until receiving his trial transcript that the
State offered to allow Applicant to plead guilty to manslaughter, an offer which Applicant now
alleges he would have accepted. Applicant alleges that his appellate counsel failed to communicate
with him before or after the appeal was filed, that appellate counsel failed to raise meritorious points
of error on appeal, and that the points raised by appellate counsel were insufficiently briefed. 
Applicant also alleges that appellate counsel failed to timely inform Applicant when the court of
appeals issued its opinion in this case, and failed to advise Applicant of his right to petition this
Court for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide trial and appellate counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel at trial and on appeal. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State made any plea offer prior
to Applicant's trial, and if so, whether defense counsel communicated any such offer to Applicant.
The trial court shall also make findings as to whether Applicant's appellate counsel communicated
with Applicant before or after the filing of the appeal. The trial court shall make findings as to
whether Applicant's appellate counsel timely informed Applicant that his conviction had been
affirmed and that he has a right to file a pro se petition for discretionary review. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 10, 2008

Do not publish